UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD PLUMMER, JR.,<br><br>  Plaintiff,<br><br>v.<br><br>COUNTY OF LOS ANGELES, et al.,<br><br>  Defendants. | NO. CV 20-4568-SB (AGR)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the First Amended Complaint, the records on file, the Report and Recommendation of the United States Magistrate Judge ("Report"), the Objections and the Response. Further, the Court has engaged in a *de novo* review of those portions of the Report to which Plaintiff has objected. The Court accepts the findings and recommendation of the Magistrate Judge.

Although Plaintiff objects to the Report's recommendation that his claims on behalf of his mother be dismissed for lack of standing, Plaintiff acknowledges that his petition for letters of special administration remains pending in state court. (Obj. at 9.) Plaintiff cites inapposite cases that address the separate question of subject matter jurisdiction. (Obj. at 9-10.) Plaintiff provides no basis for leave to amend. *See Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059-60 (9th Cir. 2018) (affirming denial of leave to amend based on futility when personal representative

would be named, if at all, by state court after expiration of statute of limitations).

Plaintiff further objects that he "clearly requested that the Court investigate his allegations" and believes the investigation would unearth evidence that would "alter the current determination as to the statute of limitations regarding the state claims." (Obj. at 3-4.) The Court does not conduct investigations on behalf of one party.

Plaintiff's remaining objections are without merit.

IT IS ORDERED that Defendants' motion to dismiss the First Amended Complaint is granted as follows:

(1) Defendants' motion to dismiss claims brought on Ms. Haughton's behalf for lack of standing is granted and such claims are dismissed without leave to amend;

(2) Defendants' motion to dismiss claims brought on Plaintiff's own behalf under 42 U.S.C. § 1983 (a) is granted without leave to amend as to all claims based on events prior to Ms. Haughton's transfer to Malora on May 28, 2015; (b) with leave to amend as to any remaining claims against the individual defendants in their individual capacity; and (c) with leave to amend as to an equal protection claim against the County;

(3) Defendants' motion to dismiss claims brought on Plaintiff's own behalf under 42 U.S.C. §§ 1985, 1986 is granted with leave to amend;

(4) Defendants' motion to dismiss claims brought under the Elder Abuse and Extortion Act or the Elder Justice Act is granted without leave to amend;

(5) Defendants' motion to dismiss the state law claims is granted;

(6) Defendants' motion for more definite statement is denied;

(7) The individual defendants in their official capacity are dismissed without prejudice as duplicative; and

(8) Plaintiff is granted leave to file a Second Amended Complaint consistent with the Magistrate Judge's Report and Recommendation within 30 days after the entry of this order.

If Plaintiff chooses to file a Second Amended Complaint, it must be filed within

30 days after entry of this Order, it must bear the docket number assigned to this case, be labeled "Second Amended Complaint," and be complete in and of itself without reference to the original complaint, attachment, pleading or other documents.

    Plaintiff is advised that if he does not file a Second Amended Complaint, this action would proceed only against the County on Plaintiff's Fourteenth Amendment due process claims under 42 U.S.C. § 1983 based on events after Ms. Haughton's transfer to Malora Post Acute Rehabilitation Hospital on May 28, 2015.

DATED:   September 22, 2021

STANLEY BLUMENFELD, JR.
United States District Judge