UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD PLUMMER, JR., <br><br> Plaintiff, <br><br> v. <br><br> COUNTY OF LOS ANGELES, et al., <br><br> Defendants. | Case No. 2:20-cv-04568-SB-AGR <br><br><br> ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

    Pursuant to 28 U.S.C. § 636, the Court has reviewed the Second Amended Complaint (Dkt. No. 41) (SAC), the records on file, the Report and Recommendation of U.S. Magistrate Judge Alicia G. Rosenberg (Dkt. No. 50) (Report), the Objections (Dkt. No. 53) (Obj.), and the Reply (Dkt. No. 54).  The Court has engaged in a de novo review of those portions of the Report to which Plaintiff has objected.

    Plaintiff's objections fall into three principal categories: (1) he claims to have suffered constitutional injury; (2) he seeks limited discovery to uncover additional allegations; and (3) he makes unsupported assumptions about Defendants' knowledge of problems with his mother's care.  None of these objections can overcome the SAC's deficiencies.  A plaintiff must allege facts within the four corners of the complaint that, if proven true, would state a plausible claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Conclusory claims of injury are insufficient, *id*., as are intentions to uncover additional information during discovery.  As the Report explains, except for Plaintiff's retaliation claim, Plaintiff failed to allege injury in the SAC that entitles him to relief.

Accordingly, the Court adopts the Report, with one inconsequential exception.[1] The Court also agrees that leave to amend the dismissed claims is not warranted at this point. Leave may be denied for such reasons as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Plaintiff filed his initial complaint on May 21, 2020. Dkt. No. 1. To correct defects in his initial complaint, Plaintiff filed his First Amended Complaint. Dkt. Nos. 11, 20. Defendants moved to dismiss, and Judge Rosenberg issued a Report and Recommendation that included detailed explanations of the First Amended Complaint's deficiencies. Dkt. No. 36. The Court accepted the Report and Recommendation and dismissed many of Plaintiff's claims without prejudice. Plaintiff repleaded these claims in his SAC, and they continue to suffer from similar defects. Given Plaintiff's prior opportunities to amend, dismissal without prejudice would be futile and would only result in another expensive round of litigation over the pleadings. Leave to amend is therefore denied. *See Nguyen v. Endologix, Inc.*, 962 F.3d 405, 420 (9th Cir. 2020) ("Where the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, the district court's discretion to deny leave to amend is particularly broad.") (cleaned up)).

Accordingly, IT IS ORDERED that the Defendants' motion to dismiss the Second Amended Complaint is granted as follows:

(1) Defendants' motion to dismiss claims brought on Ms. Haughton's behalf is granted for lack of standing and such claims are dismissed without leave to amend;

(2) Defendants' motion to dismiss the federal retaliation cause of action in Claim Three brought on Plaintiff's own behalf against Defendant Melgar is denied;

---

[1] To the extent that the Report suggests that state action is required to bring a claim under 42 U.S.C. § 1985(3), Report at 13, the Court does not adopt that suggestion. *See Griffin v. Breckenridge*, 403 U.S. 88, 101–02 (1971) (holding that § 1985(3) extends to "private conspiracies"). However, Plaintiff's § 1985 claim nonetheless fails because Plaintiff failed to allege a conspiracy, an act in furtherance thereof, or plausible racial or class-based animus.

(3) Defendants' motion to dismiss the equal protection cause of action in Claim Three against Defendant Melgar is granted without leave to amend;

(4) Defendants' motion to dismiss the federal claims against all other Defendants is granted without leave to amend (Claims One, Three, Four, Five and Six);

(5) Defendants' motion to dismiss the state law claims against all defendants is granted without leave to amend (Claims Two and Seven); and

(6) Defendant Melgar shall file a response to the federal retaliation cause of action in Claim Three within 30 days after entry of this Order.

The matter is referred back to the magistrate judge for further proceedings.

IT IS SO ORDERED.

Date: August 30, 2022

Stanley Blumenfeld, Jr.
United States District Judge