UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD PLUMMER, JR.,<br><br>    Plaintiff,<br><br>v.<br><br>COUNTY OF LOS ANGELES et al.,<br><br>    Defendants. | Case No. 2:20-cv-04568-SB-AGR<br><br>ORDER ADOPTING, AS MODIFIED, FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE<br>[DKT. NO. 92] |

      The U.S. Magistrate Judge has issued a report recommending that this Court find that Plaintiff Edward Plummer, Jr.'s First Amendment retaliation claim under 42 U.S.C. § 1983 against Defendant Angelica Melgar is time barred. Plaintiff objects, arguing for the first time that he previously had filed an administrative claim with the government in state court that equitably tolled the running of the statute of limitations.[1] Dkt. No. 94 at 10; Dkt. No. 23-1 at 12-15. Pursuant to 28 U.S.C. § 636, the Court has reviewed all relevant records in this case, including the Second Amended Complaint, the parties' summary judgment papers, the Report and Recommendation (R&R), the objections, and the reply. The Court has

---

[1] Plaintiff also contends that the magistrate judge improperly credited Defendant's "statements relative to the dates and times regarding the alleged retaliatory acts" in finding his claim time barred. Dkt. No. 94 at 5. This objection is without merit. The judge relied both on Plaintiff's testimony and the fact that the alleged retaliation could not have occurred after his mother's death on May 16, 2018—over two years before he sued on May 21, 2020. Dkt. No. 92 at 8–9; Dkt. No. 1; *Holt v. Cnty. of Orange*, 91 F.4th 1013, 1018 (9th Cir. 2024) (California's two-year statute of limitations period for personal injury actions applies to § 1983 claims).

1

engaged in a de novo review of those portions of the R&R to which any objections have been made and adopts the recommendation to grant summary judgment in favor of Defendant Melgar for two independent reasons.

First, the Court has discretion to refuse to consider arguments raised for the first time in an objection to a magistrate judge's report and recommendation. *United States v. Howell*, 231 F.3d 615, 622 (9th Cir. 2000) ("The language of the Magistrate Act, its legislative history, Supreme Court precedent, and practical considerations support our conclusion."). However, "the district court must actually exercise its discretion, rather than summarily accepting or denying the motion." *Id*. That discretion, moreover, is not without limits. *See, e.g., Sossa v. Diaz*, 729 F.3d 1225, 1231 (9th Cir. 2013) (abuse of discretion not to consider a pro se habeas petitioner's novel equitable tolling claim in "an unsettled area of law"); *Brown v. Roe*, 279 F.3d 742, 745 (9th Cir. 2002) (abuse of discretion not to consider a "functionally illiterate" pro se habeas petitioner's "relatively novel [equitable tolling] claim under a relatively new statute"); *Jones v. Blanas*, 393 F.3d 918, 935 (9th Cir. 2004) (abuse of discretion not to consider new evidence when submitted by "a pro se plaintiff, ignorant of the law, offering crucial facts as soon as he understood what was necessary to prevent summary judgment against him").

The circumstances of this case do not warrant consideration of—and the Court declines to consider—Plaintiff's untimely equitable tolling argument. The mere fact that a plaintiff is representing himself is insufficient to dispense with the ordinary prohibition against introducing "supplemental evidence . . . for the first time in a party's objection to a magistrate judge's recommendation." *Howell*, 231 F.3d at 621. As the Ninth Circuit has aptly recognized, "[t]o require a district court to consider evidence not previously presented to the magistrate judge would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court." *Id*. at 622. This is especially true in this district, where magistrate judges serve an invaluable role in alleviating the burden of a massive workload by providing reports and recommendations in countless cases brought by pro se litigants.

Nor does this case involve a particularly vulnerable pro se litigant who is attempting to navigate an unsettled area of the law. On the contrary, Plaintiff acknowledges that he was aware of the facts that he belatedly presents and that he deliberately chose not to raise them sooner, believing it was unnecessary because he had expected to prevail on his other timeliness arguments. Dkt. No. 94 at 11 ("The plaintiff did not request equitable tolling because he believed . . . that his filing was timely or would be tolled if it were not timely, due to his timely filed

claim coupled with Covid-19 restrictions."). In these circumstances, the Court declines to exercise its discretion to give a pro se litigant, who is not a habeas petitioner, an opportunity to raise an issue that was previously known and available to him. *See Howell*, 231 F.3d at 623 (no abuse of discretion when the petitioner had no good excuse for failing to raise an issue "that was readily available and certainly pertinent to his motion"); *Jones v. Marshall*, 363 F. App'x 522, 523 (9th Cir. 2010) (no abuse of discretion in refusing to consider an equitable tolling claim raised by a pro se habeas petitioner for the first time in his objection to the magistrate judge's recommendation when the claim was "not novel and should have been raised earlier").

Second, even if the Court were to consider the equitable tolling argument and find it meritorious, Defendant would be entitled to summary judgment on qualified immunity grounds. Government officials are shielded from liability for damages unless their conduct violated a clearly established constitutional right. *David v. Kaulukukui*, 38 F.4th 792, 799 (9th Cir. 2022). "A clearly established right is one that is sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (cleaned up).

Plaintiff bears the burden to show that his right was clearly established at the time of the alleged misconduct, *Shooter v. Arizona*, 4 F.4th 955, 961 (9th Cir. 2021), and he is not relieved of this burden because he represents himself, *see, e.g.*, *Padilla v. Knickerbocker*, No. 2:20-CV-00066, 2023 WL 6929297, at *4 (D. Nev. Oct. 18, 2023) (granting qualified immunity because a pro se plaintiff failed to cite case law that showed the right was clearly established); *Parker v. Dequito*, No. 20-CV-661, 2022 WL 2106154, at *11 (S.D. Cal. June 10, 2022) (same); *Stacker v. Johnson*, No. 2:16-CV-2913, 2019 WL 4991740, at *5 (E.D. Cal. Oct. 8, 2019) (same). To satisfy this burden, Plaintiff must identify case law involving facts that are materially indistinguishable from those in this case. *Shooter*, 4 F.4th at 962; *District of Columbia v. Wesby*, 583 U.S. 48, 64 (2018) ("While there does not have to be a case directly on point, existing precedent must place the lawfulness of the particular [action] beyond debate.") (cleaned up); *see also Rivas-Villegas v. Cortesluna*, 595 U.S. 1, 6–8 (2021) (reaffirming that the facts of a prior case must be "sufficiently similar," and not "materially distinguishable").

Here, Defendant was the conservator of Plaintiff's elderly mother, who was residing at Marlora Post Acute Rehabilitation Hospital. Dkt. No. 92 at 2, 6. Plaintiff regularly visited his mother at Marlora and often complained to Defendant about the care she was receiving. *Id.* at 6. In one encounter, in response to

3

Plaintiff's complaints, Defendant threatened to terminate Plaintiff's visitation rights if he kept interfering. *Id.*

Plaintiff has not carried his burden of showing that this conduct—i.e., threatening to prevent a son from visiting his mother, who is under the care of a public guardian, because of the son's complaints about the mother's care—violated clearly established law. Looking to the cases Plaintiff cited in all his filings that could be understood as opposing Defendant's motion, none is analogous to the facts of this case. *Hill v. Colorado*, 530 U.S. 703 (2000) (holding that a state law restricting certain conduct outside of health care facilities did not violate the First Amendment); *Anti-Fascist Comm. v. McGrath*, 341 U.S. 123, 140–41 (1951) (concluding plaintiffs had standing without deciding whether their rights were violated); *Whitemore v. Arkansas*, 495 U.S. 149, 166 (1990) (finding plaintiff lacked standing without addressing the merits); *Clapper v. Amnesty Int'l v. USA*, 568 U.S. 398 (2013) (same).

Accordingly, the Court adopts, as modified, the magistrate judge's findings, conclusions, and recommendations in the R&R and ORDERS that: (1) the motion for summary judgment is granted and (2) judgment shall be entered in favor of Defendant.

Date: September 19, 2024

                                              Stanley Blumenfeld, Jr.
                                              United States District Judge